Elaine Dorjo ANDRADE; Elson
Pio, Petitioners

v.

ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.

No. 08–2794.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) July 29, 2009.

Filed: Aug. 4, 2009.

Before: RENDELL, GREENBERG
and VAN ANTWERPEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Elaine Andrade and her husband, Elson Pio, petition for review of the Board of Immigration Appeals' ("BIA") final order of removal in their consolidated removal proceeding. For the reasons that follow, we will dismiss the petition in part and deny it in part.

I.

Because we write primarily for the parties, we discuss the facts and procedural history only to the extent needed to resolve this petition. Andrade and Pio, natives and citizens of Brazil, entered the United States on B–2 visitor-for-pleasure visas in 1993. They remained in the United States beyond the period of time allowed under their visas, and were ultimately placed in removal proceedings in 2004. Both Andrade and Pio subsequently applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1).

In October 2006, after a hearing on the merits, the Immigration Judge ("IJ") denied the couple's applications, concluding that they failed to show that their removal to Brazil would result in "exceptional and extremely unusual hardship" to their then-eleven-year-old son, a United States citizen, as required by § 1229b(b)(1)(D). On appeal, the BIA agreed with this conclusion. The BIA rejected the couple's argument that the IJ's hardship analysis failed to consider the impact of their removal on their son's continued ability to practice his religion as a member of the Salvation Army. In doing so, the BIA "note[d] as did the Immigration Judge that the Salva-

tion Army operates in Brazil," and found "no basis to concluded [sic] that the [couple's] son cannot continue to practice his faith in Brazil." Andrade and Pio now petition this Court to review the BIA's decision.

## II.

Pursuant to 8 U.S.C. § 1252(a)(1), we generally have jurisdiction to review final orders of removal. Section 1252(a)(2)(B), however, divests us of jurisdiction over denials of discretionary relief, and we have held that the "[t]he determination of whether the alien has established the requisite hardship [required to obtain cancellation of removal] is a quintessential discretionary judgment." *Mendez–Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir.2003). Yet this limitation on our jurisdiction does not bar our review of constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D).

Andrade and Pio argue that the BIA deprived them of due process and violated its own precedent by failing to consider all of the hardship factors.[1] Specifically, they

contend that the BIA did not consider the impact of their removal to Brazil on their son's ability to practice his faith as a member of the Salvation Army. To the extent this argument attempts to challenge the BIA's discretionary determination that Andrade and Pio failed to establish an "exceptional and extremely unusual hardship," we lack jurisdiction to review such a claim. *See Mendez–Moranchel*, 338 F.3d at 179. Although we do have jurisdiction over the couple's claims that the BIA ignored its precedent and violated their due process rights, these claims lack merit. The BIA clearly considered their son's ability to practice his faith in Brazil, stating that the Salvation Army operates there and that there was "no basis" to conclude that he "cannot continue to practice his faith in Brazil."

Accordingly, Andrade's and Pio's petition for review will be dismissed in part and denied in part.

---

1. Andrade and Pio also argue that the *IJ* violated their due process rights by failing to consider all of the hardship factors. Yet because the BIA issued its own decision, we review its decision rather than the IJ's decision. *See Wong v. Att'y Gen. of the U.S.*, 539 F.3d 225, 230 (3d Cir.2008). Even if we were to reach this claim, it would fail on the merits.